DA 07-0266

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 37

STATE OF MONTANA,

       Plaintiff and Appellant,

  v.

PRESTON A. MADPLUME,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-2004-108
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

           Mitchell A. Young, Lake County Attorney, Polson, Montana

      For Appellee:

           Jim Wheelis, Chief Appellate Defender, David Avery, Assistant Appellate
Defender, Helena, Montana

                         Submitted on Briefs:  January 4, 2008

                                    Decided:  February 5, 2008

Filed:

_____
                          Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     In October 2004 Preston A. Madplume (Madplume) was charged with the offense of sexual intercourse without consent after DNA evidence revealed the presence of the accuser's DNA on Madplume's finger. An omnibus hearing was scheduled but was continued seventeen times at Madplume's request. During this time Madplume signed a waiver of his right to a speedy trial. In September 2005 Madplume moved to suppress the DNA evidence on the ground that it was obtained without a warrant and therefore resulted from an unlawful search of his person. The District Court granted his motion. The State appealed and in January 2007 we reversed and remanded for further proceedings. Madplume's omnibus hearing was ultimately held on March 14, 2007. On that date, he filed a motion to dismiss for violation of the right to a speedy trial. The District Court granted the motion without a hearing and the State appeals. We reverse and remand.

## ISSUE

¶2     The question presented is whether the District Court properly granted Madplume's motion to dismiss for violation of the right to a speedy trial.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     The factual background of this case was presented in *State v. Madplume*, 2007 MT 11, 335 Mont. 290, 150 P.3d 956, and is not relevant to the issue before us; therefore, it will not be repeated here. This appeal concerns the procedural background of Madplume's case only.

¶4     It is undisputed that 894 days had elapsed from the time Madplume was charged and the date on which he filed his motion to dismiss. Madplume argued to the District Court and to this Court on appeal that this passage of time resulted in a violation of his constitutional right to a speedy trial.

¶5     The District Court granted Madplume's motion to dismiss. The State appeals.

## STANDARD OF REVIEW

¶6     A criminal defendant's claimed violation of the right to a speedy trial presents a question of constitutional law. We review a trial court's resolution of such questions for correctness and will not disturb findings underlying a district court's speedy trial ruling unless the findings are clearly erroneous. *State v. Spang*, 2007 MT 54, ¶ 7, 336 Mont. 184, ¶ 7, 153 P.3d 646, ¶ 7 (citation omitted).

## DISCUSSION

¶7     *Issue: Did the District Court properly grant Madplume's motion to dismiss for violation of the right to a speedy trial?*

¶8     Madplume moved the District Court to dismiss the charges against him, asserting the State had violated his right to a speedy trial. The District Court granted his motion finding that he had been prejudiced by the lengthy delay and that the State had not met its burden of disproving prejudice. The State contends the District Court's conclusion is erroneous.

¶9     We note that this case proceeded through the District Court and to this Court on appeal before we issued our decision in *State v. Ariegwe*, 2007 MT 204, 338 Mont. 442, 167 P.3d 815, in which we announced a comprehensively-revised speedy trial test that

"more closely tracks the balancing approach envisioned by the [U.S.] Supreme Court in *Barker*[1], *Doggett*[2], and other post-*Barker* cases." *Ariegwe*, ¶ 106. As a result, the parties argued to the District Court and that court ruled based on analysis of the standards set forth in *City of Billings v. Bruce*, 1998 MT 186, 290 Mont. 148, 965 P.2d 866, overruled in part by *Ariegwe*. Thus, the District Court did not have the opportunity to analyze the speedy trial issue under the new *Ariegwe* framework.

¶10 On appeal, the State filed its opening brief before *Ariegwe* was issued; however, *Ariegwe's* new test was published before Madplume responded or the State replied. Neither party, however, analyzed the speedy trial issue under the newly-announced test but continued to rely upon a *Bruce* analysis. Since the timing of *Ariegwe's* publication precluded the court and the parties from analyzing the speedy trial issue under this new framework, and as we recently did in *State v. Smith*, 2008 MT 7, ¶¶ 23-24, 341 Mont. 82, ¶¶ 23-24, ___ P.3d ___, ¶¶ 23-24, we deem it appropriate to remand this matter to the District Court without prejudice to a timely appeal thereafter by either party, with instruction that the District Court apply the *Ariegwe* analysis in resolving the speedy trial issues herein presented.

**CONCLUSION**

¶11 We reverse the District Court's dismissal of Madplume's case and remand for analysis under *Ariegwe*.

---

[1] *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182 (1972).
[2] *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686 (1992).

4

/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE